No. 07-60497

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60497

BRENNAN'S, INC.

Plaintiff-Appellant

v.

BERT CLARK BRENNAN; BLAKE W BRENNAN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-cv-00694

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Brennan's Inc. appeals the district court's denial of a preliminary injunction against Appellees Bert Clark Brennan and Blake Brennan for trademark infringement and dilution and the district court's granting of Appellees motion to exclude expert testimony.

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant owns and operates the well known Brennan's restaurant in New Orleans, Louisiana. Appellees, former employees of the Appellant, initiated plans to open their own restaurants in Destin, Florida, and Jackson, Mississippi. On August 31, 2006, Appellees registered the mark "Clark and Blake Brennan's Royal B" for use in connection with their restaurants with the United States Patent and Trademark Office (USPTO). Appellant brought suit against Appellees pursuant to the Lanham Act, 15 U.S.C. §§ 1114 & 1125, for trademark infringement and unfair competition. Appellant also sought an injunction pursuant to 15 U.S.C. § 1116, to prohibit Appellees from using the name, or any name similar to, the "Brennan's" mark; selling, displaying, using, or advertising under the "Brennan's" mark or incorporating the "Brennan's" mark or any variation thereof; and engaging in unfair competition. The district court held that Appellant failed to satisfy the elements necessary to impose a preliminary injunction. Appellant timely filed the present appeal.

We review the factual findings of the district court for clear error and its legal conclusions de novo. Hoover v. Morales, 164 F.3d 221, 224 (5th Cir.1998). Each of the four elements required to support a preliminary injunction presents mixed questions of law and fact. Id. The ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion, however a decision based on erroneous legal principles is reviewed de novo. Id. In reviewing a trademark claim, a "finding of a likelihood of confusion is . . . a finding of fact reviewed for clear error." Westchester Media v. PRL USA Holdings, Inc., 214 F.3d 658, 665 (5th Cir. 2000).

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. Speaks v. Kruse, 445

F.3d 396, 399-400 (5th Cir.2006) (internal quotations omitted). To succeed in a trademark infringement claim, a party must first show that it has a protectable right in the mark and, second, show that there is a likelihood of confusion between the marks. See Sec. Ctr., Ltd. v. First Nat'l Sec. Ctrs., 750 F.2d 1295, 1298 (5th Cir.1985).

Following limited discovery and a hearing, the district court found that Appellant failed to establish a substantial likelihood of success on the merits after considering the "digits of confusion."[1] Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 194 (5th Cir. 1998). Specifically, the district court found that: 1) the "Brennan's" mark is weak due to the number of restaurants using the Brennan name; 2) the only similarity in the two marks is the name "Brennan's," and differences in exemplars and the use of the Appellees' first names sufficiently distinguishes the marks; 3) any similarities between the parties' restaurants already exist between Appellant's restaurants and "countless other" New Orleans and French Quarter restaurants, including restaurants opened by other Brennan family members, and that Appellees have not replicated Appellant's restaurant to an extent likely to cause confusion; 4) the parties are not in direct competition for customers due to the distances between the restaurants and the sophistication of the potential patrons; 5) the distances in between the restaurants would not likely result in advertising that misleads potential customers; 6) the Appellees did not intend to confuse or deceive the public; and 7) there was insufficient evidence of actual confusion by the public. The district court found that, with only one exception, Appellant has not suffered any confusion, loss of goodwill, or loss of reputation with any of the multiple

---

[1] The non-exhaustive list of factors, or "digits of confusion," includes: " 1) the type of trademark allegedly infringed; 2) the similarity between the two marks; 3) the similarity of the products or services; 4) the identity of the retail outlets and purchasers; 5) the identity of the advertising media used; 6) the defendants' intent; and 7) any evidence of actual confusion. Elvis Presley Enters., 141 F.3d at 194.

Brennan family restaurants in operation in New Orleans and elsewhere.[2] The district court also held that Appellant failed to establish irreparable harm given the lack of evidence that Appellees' restaurant would threaten Appellant's reputation. Finally, the district court found that allowing Appellees to use their own last name in connection with their restaurant when there is a low likelihood of confusion would not disserve the public interest.

We find no error with the district court's findings and hold that the district court did not abuse its discretion in denying the preliminary injunction, thus the decision of the district court is affirmed.

## II.

We review the district court's exclusion of expert testimony for abuse of discretion. United States v. Ogle, 328 F.3d 182, 188 (5th Cir. 2003). The district court denied Appellant's motion to exclude the expert testimony of Kenneth Germain. Appellant has offered no basis for this court to find that the district court abused its discretion in excluding the testimony. Thus, we affirm the district court's granting of Appellees' motion to exclude.

AFFIRMED.

---

[2] For example, the district court heard testimony that Brennan's in Houston, specifically intended to replicate the Brennan's in New Orleans, created little to no confusion with, and had no effect on the reputation or goodwill of, the Brennan's in New Orleans.